**SO ORDERED.**

**SIGNED this 26 day of February, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

TIMOTHY DWAIN WILLIAMS and
CYNTHIA KAY WILLIAMS,

      Debtors.                                06-02925-8-JRL
                                                   Chapter 13

### ORDER

The matter before the court is the motion to substitute attorney filed by Meredith P. Ezzell. The debtors were initially represented by Peter K. Gemborys, Sr., who was suspended from practice before the United States Bankruptcy Court for the Eastern District of North Carolina effective November 30, 2006, pursuant to In re Mugno, Case No. 05-09231-8-JRL (Bankr. E.D.N.C. Oct. 20, 2006). In the motion to substitute attorney, Ms. Ezell requests that all future attorney compensation be paid to her; however, those terms are inconsistent with the court's standing order of January 8, 2007.

The court entered its standing order to provide a uniform procedure for dealing with attorney compensation in Chapter 13 cases in light of Mr. Gemborys' suspension. Pursuant to the standing order, if a case was less than a year old on the date of Mr. Gemborys' suspension, Mr. Gemborys'

right to payments under the confirmed plan shall be terminated effective immediately based on the rationale that Mr. Gemborys was unable to provide all of the services that the base fee entailed. However, Mr. Gemborys is authorized to retain what he has already received in compensation or $500.00, whichever is greater. The subject case was less than a year old on the date of Mr. Gemborys' suspension, and Mr. Gemborys received $300.00 from the debtors prior to filing the case. The case has not been confirmed. In the event confirmation is allowed, Mr. Gemborys is entitled to receive an additional $200.00 of the base fee with the remainder of the base fee going to Ms. Ezzell.

Based on the foregoing, the court allows the substitution of counsel. In the event a plan is confirmed in this case, Mr. Gemborys will be allowed an additional $200.00 of the base fee, and Ms. Ezzell will be entitled to the remainder of the base fee.

**END OF DOCUMENT**